CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ANDREW SCHUPANITZ (CABN 315850)
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 229-2937
andrew.schupanitz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTOINE WASHINGTON,<br><br>Defendant. | CASE NO. 24-CR-00342 RFL<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Court: Hon. Rita F. Lin<br>Date: July 31, 2025<br>Time: 2:00 p.m. |

## I. INTRODUCTION

On March 8, 2024, defendant Antoine Washington possessed a 9mm Glock Model 43X pistol and 13 rounds of ammunition when he was arrested by officers of the San Francisco Police Department pursuant to a state arrest warrant for burglary. The federal grand jury charged Washington on June 18, 2024, with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Washington pleaded guilty to the charge in the Indictment pursuant to a plea agreement on March 27, 2025, and is scheduled for sentencing before this Court on July 31, 2025. The government agrees with Probation that a term of 21 months of imprisonment, at the low end of the Guidelines range of 21–27 months, followed by 3 years of supervised release is appropriate.

//

## II. FACTUAL BACKGROUND

### A. Washington's Underlying Offense Conduct

Defendant Washington was arrested by the San Francisco Police Department on March 8, 2024, pursuant to a state arrest warrant for burglary and conspiracy. SFPD investigators had identified Washington as one of three suspects responsible for multiple vehicle burglaries throughout San Francisco and the renter of the vehicle used in the burglaries. PSR ¶ 6. Arresting officers found a loaded 9mm Glock Model 43X semiautomatic pistol loaded with 13 rounds of ammunition in his front sweatshirt pocket. Officers also found an empty large capacity (33-round) magazine in the back passenger seat pocket of Washington's vehicle. The next morning, SFPD officers executed a search warrant at an apartment used by Washington and found a sock containing 20 rounds of .223 ammunition and a Glock magazine inside a Ziploc bag loaded with 6 rounds of .357 ammunition among Washington's possessions in areas of the apartment over which he had access and control. ECF No. 1, PSR ¶¶ 7–8.

The federal grand jury returned a single-count Indictment against Washington for being a felon in possession of firearm and ammunition on June 18, 2024, and federal agents arrested him on July 25, 2024. On March 27, 2025, pursuant to a plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Washington pleaded guilty to the single count in the Indictment. ECF No. 37.

### B. Washington's Conviction History

The Court is likely already familiar with Washington's extensive criminal history, given that it was the subject of multiple detention hearings before both the magistrate court and this Court. *See, e.g.*, ECF No. 13 (Government's Motion to Revoke Release Order), ECF No. 14 (Minute Order Granting Government's Motion).

In brief, Washington has two prior felony convictions: one for a series of burglaries he committed in May 2017, after which Washington fled police and barricaded himself inside a liquor store before eventually surrendering, and another for a different series of as many as *nine* burglaries committed in October 2018. SFPD investigators were able to place Washington at the location of the 2018 burglaries—at least one of which involved a robbery and assault with a deadly weapon—because

he was wearing an ankle monitor while on release pending trial for the earlier 2017 burglaries. Washington was convicted on two counts of felony burglary in each case and sentenced for both in July 2019. *See* PSR ¶¶ 26–27.

Washington also had two felony state cases pending against him when he was indicted in the present federal case. The first, a felony charge for assault with force likely to produce great bodily injury, stems from a December 2023 incident at Levi's Stadium in Santa Clara County where Washington and others beat a man to the point of breaking his jaw. The second was the burglary charge for which he was arrested by SFPD on March 8, 2024, when he possessed the firearm that is the subject of the Indictment in this case.[1] Washington engaged in this string of recent criminal conduct while still on probation for a March 15, 2023, conviction for carrying a concealed weapon. *See* PSR ¶¶ 28, 31.

## III. THE APPLICABLE SENTENCING CALCULATION

The parties agree that the Sentencing Guidelines should be calculated as follows:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2K2.1(a)(6):<br>(defendant was a prohibited person at the time he committed the instant offense) | **14** |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 | **N/A** |
| c. | Acceptance of Responsibility:<br><br>If the defendant meets the requirements of U.S.S.G. § 3E1.1, he may be entitled to a two-level reduction for acceptance of responsibility, provided that he forthrightly admits his guilt, cooperates with the Court and the Probation Office in any presentence investigation ordered by the Court, and continues to manifest an acceptance of responsibility through and including the time of sentencing. | **- 2** |
| d. | Adjusted Offense Level: | **12** |

Probation has determined that Washington has a criminal history category of IV. PSR ¶ 32. Consequently, his Sentencing Guidelines range is 21–27 months imprisonment.

## IV. LEGAL STANDARD

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress set out in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d

[1] The assault case in Santa Clara County is still pending. The San Francisco County District Attorney's Office, in light of the federal prosecution against him in this case, dismissed its burglary and firearms charges when Washington was arrested by federal agents. *See* PSR ¶¶ 33–34.

984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors identified in Section 3553(a). *Id.* at 991–93. Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245 (2005), this Court may consider any of the sentencing factors set forth in Section 3553(a) when imposing a sentence, irrespective of the applicable Guidelines calculation. *Carty*, 520 F.3d at 991.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant; and

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

## V. GOVERNMENT'S SENTENCING RECOMMENDATION

The government agrees with Probation's sentencing recommendation in this case. Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends 21 months of imprisonment to be followed by a three-year term of supervised release, and a $100 special assessment.

In light of Washington's significant criminal history at a relatively young age and his habit of engaging in criminal conduct despite being under conditions of release, a 21-month term of imprisonment in this case is both appropriate and necessary to achieve the statutory purposes of sentencing. In particular, the recommended sentence accounts for Washington's history and characteristics and the need for the sentence imposed to afford adequate specific deterrence to criminal

conduct. As outlined above—and as noted by Probation in its recommendation—Washington has exhibited a troubling history of engaging in criminal conduct while on probation or release pending trial:

- Washington committed a string of burglaries in 2018 while on release and wearing an ankle monitor pending trial for the string of burglaries he committed in 2017.
- He assaulted and caused great bodily harm to a man in Santa Clara just nine months after pleading guilty to carrying a concealed weapon, while still on probation—and in full public view, surrounded by witnesses at Levi's Stadium.
- He committed the string of burglaries in February 2024 just months after he was arrested for the assault in Santa Clara, and while still on probation for the concealed weapon conviction.
- He was *still* under probation for the concealed weapon conviction when he knowingly possessed the gun that is the subject of the Indictment in this case.

Washington also violated the conditions of his temporary release bond[2] when he was cited by California Highway Patrol for speeding and being an unlicensed driver after being pulled over at approximately 3:00 a.m. on May 25, 2025. *See* ECF No. 46 (Violation Memorandum). And while there is no doubt that the gunshot wound that Washington suffered in March 2024 had a significant impact on him,[3] the government agrees with Probation that Washington's repeated and recent criminal conduct calls into question how serious he is about changing his life or avoiding criminal conduct in the future.

Washington's pattern of conduct is indicative of a defendant with little regard for the law or the conditions imposed on him by courts, and for whom prior sentences have had little to no deterrent effect. Though the recommended sentence would provide appropriate general deterrence and promote respect

---

[2] Washington is required to observe a curfew and remain at his residence every day between the hours of 8:00 p.m. and 6:00 a.m., except as directed by Pretrial Services. *See* ECF No. 45.

[3] Defendant Washington filed his Sentencing Memorandum shortly before the government. *See* ECF Nos. 49–50. In it, he argues that he should receive a sentence of probation—significantly below the Guidelines range and the 21 months of imprisonment recommended by Probation and the government—based on his need for ongoing physical therapy from the gunshot wound. Washington offers a letter from Dr. Raphaela Lipinsky DeGette that asserts, "If incarcerated, it is unlikely that Mr. Washington would receive the level of care he needs to recover use of his lower limb." ECF No. 50, Ex. 4 (Letter from Dr. Lipinsky DeGette). The government does not question Dr. Lipinsky DeGette's medical qualifications, but this statement is conclusory. Moreover, neither the letter from Dr. Lipinsky DeGette nor the medical records submitted with Washington's memorandum provide any detail regarding the treatment he is currently receiving or how long such treatment will be necessary. The most recent records provided are from a physical therapy session in February, ECF No. 50, Ex. 5 at 2–3, and the most recent treatment timeline provided (12 weeks of physical therapy) appears to be from January—just one month after his December 2024 surgery. *Id.* at 4–8.

for the law, it is particularly necessary to achieve specific deterrence against future criminal conduct by Washington. A sentence of 21 months—at the low end of the advisory Guidelines range of 21–27 months—is sufficient but not greater than necessary to achieve the statutory purposes of sentencing in this case.

## VI. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of 21 months imprisonment, three years of supervised release, and a $100 special assessment.

DATED: July 24, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Andrew Schupanitz*
ANDREW SCHUPANITZ
Special Assistant United States Attorney